**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER DOYLE,<br>Plaintiff,<br><br>v.<br><br>HABERSHAM CTY.<br>DETENTION CENTER,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br><br><br><br>CIVIL ACTION NO.<br>2:19-CV-0271-SCJ-JCF |

**ORDER**

Plaintiff Christopher Doyle, an inmate at the Habersham County Detention Center in Clarkesville, Georgia, has filed documents that the Clerk has docketed as a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Plaintiff has not paid the required $350.00 filing and $50.00 administrative fees or sought leave to proceed *in forma pauperis* ("IFP"). As discussed below, Plaintiff must pay the filing and administrative fees or submit a complete application for IFP status with all required information, signatures, certifications, and attachments. Additionally, the Court finds Plaintiff's complaint insufficient and directs him to amend.

## I. IN FORMA PAUPERIS STATUS

If Plaintiff wishes to proceed without prepayment of the filing and administrative fees, he must provide a completed financial affidavit and certified prison account statement. Plaintiff is cautioned that, even if he is allowed to proceed IFP, under 28 U.S.C. § 1915(b)(1), he nevertheless must pay the full amount of the $350.00 filing fee from his prison account.[1] If Plaintiff has sufficient assets in that account, the Court must assess an initial partial filing fee based on those assets. In addition, by order of the Court, Plaintiff's custodian will deduct further amounts from his account in monthly or other incremental installments in the amount of 20% of the preceding month's income credited to the account, in each month in which the account balance exceeds $10.00, until the $350.00 fee is paid in full. Plaintiff will be required to pay the fee regardless of whether he is successful with his suit. If Plaintiff does not want to have funds deducted from his prison account, he should file a notice stating that he voluntarily dismisses this action.

---

[1] The $50.00 administrative fee is waived if IFP status is granted.

## II. AMENDMENT

In his construed complaint, Plaintiff summarily states that he has been denied medical care, he has been subjected to disciplinary action without a hearing, he has filed grievances without response, and he believes that his mail is being "lost." (Doc. 1 at 1.) Plaintiff then indicates that he wishes to join another prisoner's suit against the Habersham County Detention Center. (Id.)

As drafted, Plaintiff's complaint lacks the necessary details for the Court to properly evaluate Plaintiff's entitlement to relief. The complaint does not actually identify any claims for relief or theories of recovery. (See generally id.) Moreover, the complaint does not name any defendants, and to the extent that Plaintiff seeks to proceed against the Habersham County Detention Center, it is not an entity amenable to suit. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit); see also Brannon v. Thomas Cty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam) (noting that a county jail was not an entity capable of being sued in a § 1983 action).

As a result, the presentation of plaintiff's claims is confusing and haphazard, and does not comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P.

8(a)(2) (providing that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief); Fed. R. Civ. P. 10(b) (requiring that each claim be presented in a separate numbered paragraph and limited, as far as practicable, to a single set of circumstances). Although the Court is mindful of plaintiff's pro se status, pro se litigants must nonetheless comply with the Federal Rules of Civil Procedure. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

To the extent that Plaintiff seeks to join another prisoner's civil action, the Prison Litigation Reform Act ("PLRA") generally precludes multiple prisoners from joining a single suit. See Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (explaining that each prisoner must bring a separate suit in order to satisfy the PLRA's requirement that each prisoner pay the full filing fee). Plaintiff shall, however, be allowed an opportunity to amend.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff must, within **THIRTY (30) DAYS** of the entry date of this Order, either submit the full filing and administrative fees of $400.00, or execute and return a completed financial affidavit seeking leave to proceed IFP. The affidavit should include (1) an executed authorization form allowing plaintiff's custodian to withdraw funds from his inmate account on an

incremental basis, (2) a completed certificate, signed by an authorized institutional officer, stating the current balance in Plaintiff's inmate account and the average monthly balance and deposit in that account for the preceding six months, and (3) a certified copy of Plaintiff's inmate account statement for the preceding six months.

Plaintiff is further **ORDERED** to submit an amended complaint within **THIRTY (30) DAYS** of the entry date of this Order. Plaintiff may not incorporate by reference any portion of his original complaint into the amended complaint. Plaintiff is advised that the amended complaint shall supersede his previous pleadings filed in this action.

Plaintiff is **DIRECTED** to: (1) draft his amended complaint on the complaint form provided by the Clerk of this Court; (2) add no more than ten pages to the form; (3) write clearly and on only one side of each page; (4) **clearly identify each defendant and provide the name and address of each intended defendant**; (5) **present each claim in separate numbered paragraphs, with each claim limited to a single set of circumstances or events**; (6) **in each claim, provide only factual allegations concerning events in which he himself suffered some injury or deprivation, clearly identify the defendant(s) responsible for the injury or deprivation that is alleged, clearly identify the action or omission of the**

**defendant(s) that shows the defendant(s)' responsibility for the alleged injury or deprivation**, and omit legal arguments or conclusions; (7) **clearly state what relief he seeks from this Court**; (8) provide information on the administrative relief he has pursued; and (9) provide detailed information on all prisoner civil actions that he previously has filed.

The Clerk is **DIRECTED** to (1) send Plaintiff a copy of this Court's 42 U.S.C. § 1983 civil action form pre-stamped with "Amended Complaint / 2:19-cv-0271-SCJ-JCF," along with the appropriate financial affidavit and a copy of this Order, and (2) resubmit this action to the undersigned United States Magistrate Judge upon receipt of the amended complaint and completed financial affidavit or at the expiration of the time period noted above.

Plaintiff is **CAUTIONED** that failure to timely pay the filing fee or file a complete IFP application, or failure to timely file an amended complaint as directed in this Order, may result in dismissal of this action pursuant to Local Rule 41.3(A)(2). See N.D. Ga. Civ. R. 41.3(A)(2). Further, during the pendency of his case, Plaintiff must keep the Clerk of Court advised of his address at all times. Plaintiff is advised that his action will be subject to dismissal under Local Rule 41.3 if he does not keep

the Clerk of Court advised of his current address at all times while this action is pending.

Service of process shall not issue until further consideration of plaintiff's amended complaint under 28 U.S.C. § 1915A.

**SO ORDERED**, this 9th day of December 2019.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge